U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 8 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE EZEQUIEL CARCAMO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-725-A |
| | § | (NO. 4:19-CR-012-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Joe Ezequiel Carcamo, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-CR-012-A, and applicable authorities, finds that the motion should be denied.

I.

Background

On January 15, 2019, movant was named in a one-count information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR Doc.[1] 12.

On January 25, 2019, movant appeared before the court with the intent to enter a plea of guilty to the offense charged

---

[1] The "CR Doc.___" reference is to the number of the item on the docket of the underlying criminal case, No. 4:19-CR-012-A.

without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 18. They also signed a waiver of indictment. CR Doc. 17. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 45.

The probation officer prepared the PSR, which reflected that movant's base offense level was 14. CR Doc. 21, ¶ 19. He received a two-level increase because the offense involved three to seven firearms, id. ¶ 20, a two-level increase for stolen firearms, id. ¶ 22, and a four-level increase for use or possession of a firearm or ammunition in connection with another

felony offense. Id. ¶ 23. Further, he received a six-level increase for otherwise using a firearm, id. ¶ 28, and a one-level increase for stealing firearms. Id. ¶ 29. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 36, 37. Based on a total offense level of 22 and a criminal history category of III, movant's guideline imprisonment range was 63 to 78 months. Id. ¶ 85; CR Doc. 28. Movant twice filed objections, CR Docs. 25 & 29, and the probation officer prepared addenda to the PSR. CR Docs. 28 & 33.

On May 10, 2019, movant was sentenced to a term of imprisonment of 78 months. CR Doc. 39. He appealed, CR Doc. 41, and his sentence was affirmed. United States v. Carcamo, 805 F. App'x 326 (5th Cir. 2020).

II.

Ground of the Motion

Movant asserts one ground in support of his motion, worded as follows: "Constitutionally Ineffective Assistance of Defense Counsel." Doc.[2] 1 at PageID[3] 4. As supporting facts, he says that his underlying conviction was a Class A misdemeanor and not a felony. Id.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten numbers on the form used by movant are not the actual page numbers of the document.

III.

## Applicable Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

4

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

5

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant argues that his counsel provided ineffective assistance by having him waive indictment and advising him to plead guilty when in fact his prior state conviction was a Class A misdemeanor and not a felony. Doc. 1 at PageID 4. Any contention that movant did not know what his rights were prior to pleading guilty, in particular his right to be indicted by a grand jury, is belied by his testimony in open court under oath. CR Doc. 45. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As to the substance of movant's argument, the very documents he attaches to the motion establish that he was convicted of a state jail felony and not a misdemeanor. Attachment B is titled "State's Motion to Find Defendant Guilty

of a State Jail Felony and Impose Sentence for a Class A Misdemeanor as Provided in Section 12.44(a) of the Texas Penal Code." Doc. 1 at PageID 28. Movant signed the motion, stating his agreement to be found guilty of a state jail felony as charged. Id. The next document is the judgment of conviction for possession of a controlled substance, a "state jail felony." Id. PageID 30.

What constitutes a conviction under 18 U.S.C. § 922(g)(1) is determined in accordance with the law of the jurisdiction in which the proceedings were held. 18 U.S.C. § 921(20). Movant was convicted of possession of a controlled substance under Tex. Health & Safety Code § 481.115. The charging instrument was an indictment and the degree of offense was a state jail felony. Doc. 1 at PageID 30. Under Texas law, a state jail felony is punishable by up to two years' confinement. Tex. Penal Code § 12.35(a). The fact that movant was sentenced to 270 days' imprisonment under Tex. Penal Code § 12.44(a) does not change the fact that his conviction was for a felony. United States v. Harrimon, 568 F.3d 531, 533 n.3 (5th Cir. 2009); United States v. Rivera-Perez, 322 F.3d 350, 352 (5th Cir. 2003). Movant's argument to the contrary is without merit. United States v. Dixon, 724 F. App'x 334, 335 (5th Cir. 2018); United States v. Battin, 236 F. App'x 157 (5th Cir. 2007). Movant's counsel cannot

7

have been ineffective for failing to raise a meritless argument. Clark v. Thaler, 673 F.3d 410, 429 (5th Cir. 2012).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 8, 2020.

JOHN McBRYDE
United States District Judge